**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

**LEONARDO CLEMENTE-BERNABE,**

Movant,

v.　　　　　6:11-cv-106

**UNITED STATES OF AMERICA,**

Respondent.

## ORDER

### I. INTRODUCTION

Before the Court is Movant Leonardo Clemente-Bernabe's ("Clemente-Bernabe") "Motion to Supplement the Original Filed Section 2255 Pursuant to Fed. R. Civ. P. Rule[] 60(b)(6)." *See* Doc. 15.

### II. ANALYSIS

On September 21, 2011, Clemente-Bernabe filed a § 2255 motion, claiming that his attorney was ineffective at sentencing and on appeal, and that the district court misapplied the Sentencing Guidelines. *See* Doc. 2 at 3-4. The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending dismissal of Clemente-Bernabe's motion as barred under the terms of his plea agreement. *See* Doc. 6 at 5. This Court adopted the R&R, dismissing the case. *See* Docs. 9; 10. Clemente-Bernabe appealed. *See* Doc. 11.

On February 21, 2012, Clemente-Bernabe filed this Rule 60(b)(6) motion. *See* Doc. 15.

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances, justifying the reopening of a final judgment." *Williams v. United States*, 360 F. App'x 34, 35 (11th Cir. 2010).

"[A] Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) 'seeks to add a new ground of relief;' or (2) 'attacks the federal court's pervious resolution of a claim *on the merits*.'" *Williams v. Chatman*, 510 F.3d 1290, 1293-94 (11th Cir. 2007) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).

A petitioner is not filing a successive petition, however, when he alleges "some defect in the integrity of the federal habeas proceedings" or "when he merely asserts that

a previous ruling which precluded a merits determination was in error--for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez*, 545 U.S. at 532 & n.4.

In order for Clemente-Bernabe to properly file a second or successive § 2255 motion, he must first obtain permission to do so from the Eleventh Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *id.* § 2255(h).

Clemente-Bernabe argues that his attorney rendered ineffective assistance by failing to raise his fast track program eligibility. *See* Doc. 15. Clemente-Bernabe, however, raised this issue in his original § 2255 motion. *See* Doc. 2 at 3. This Court properly concluded that all of his ineffective assistance claims were barred by the terms of his plea agreement. *See* Doc. 9; *see also* Doc. 6 at 5.

Clemente-Bernabe does not allege a "defect in the integrity of the federal habeas proceedings" or challenge a procedural ruling. *Gonzalez*, 545 U.S. at 532 & n.4.

Instead, Clemente-Bernabe is reasserting a substantive claim to set aside his sentence. His attempt to re-litigate his prior rejected claim via a Rule 60(b) motion constitutes a successive habeas petition. *See Chatham*, 510 F.3d at 1294; *see also Wilson v. United States*, 2007 WL 2345213, at *1-2 (S.D. Ga. Aug. 15, 2007). Without proper authorization, this Court lacks jurisdiction to consider the motion. Therefore, Clemente-Bernabe's motion is ***DISMISSED***.

### III. CONCLUSION

Clemente-Bernabe's Rule 60(b)(6) motion, *see* Doc. 15, is ***DISMISSED***.

This 12th day of March 2012.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA